UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES ELMER SHAW, <br><br> Plaintiff, <br><br> vs. <br><br> DENNIS KAEMINGK, Secretary of Corrections, Sued in his Official and Individual Capacities; <br> ROBERT DOOLEY, Director of Prison Operations, Sued in his Official and Individual Capacities; <br> DARIN YOUNG, Warden, Sued in his Official and Individual Capacities; <br> JENNIFER DRIESKE, Deputy Warden, Sued in her Official and Individual Capacities; <br> JENNIFER STANWICK-KLEMIK, Deputy Warden, Sued in her Official and Individual Capacities; <br> TROY PONTO, Associate Warden, Sued in his Official and Individual Capacities; <br> ARTHOR ALCOCK, Associate Warden, Sued in his Official and Individual Capacities; <br> DAVID LENTSCH, Unit Manager, Sued in his Official and Individual Capacities; <br> DERRICK BIEBER, Unit Manager, Sued in his Official and Individual Capacities; <br> AL MADSON, Unit Manager, Sued in his Official and Individual Capacities; <br> JOSH KEMINK Unit Manager, Sued in his Official and Individual Capacities; <br> TAMMI MERTINS-JONES, Cultural Activities Coordinator, Sued in her Official and Individual Capacities; <br> ELIZABETH VITETTA, Unit | 4:17-CV-04116-KES <br><br><br> ORDER |

Coordinator, Sued in her Official and Individual Capacities;
BRITINEY ULMER, Unit Coordinator, Sued in her Official and Individual Capacities;
MELISSA MATURAN, Administrative Remedy Coordinator, Sued in her Official and Individual Capacities;
STEVE BAKER, Major, Sued in his Official and Individual Capacity;
LINDA MILLER-HUNHOFF, Mail Supervisor, Sued in her Official and Individual Capacity;
SHARRON KEIMAN, Mailroom, Sued in her Official and Individual Capacity;
JORDAN STOREVIK, Mailroom, Sued in his Official and Individual Capacity;
DEREK ANDERSON, Correctional Officer, Sued in his Official and Individual Capacity;
PRESTON PERRETT, Correctional Officer, Sued in his Official and Individual Capacity;
JUDY PLOOSTER-JACOBS, Correctional Officer, Sued in her Official and Individual Capacity;
LISA FRASIER, Correctional Officer, Sued in her Official and Individual Capacity;
NICK REDDMAN, Teacher, Sued in his Official and Individual Capacity;
DR. MARY CARPENTER, MD, Sued in her Official and Individual Capacity;
ER REGIER, MD, Sued in his Official and Individual Capacity;
BRAD ADAMS, PA-C; Sued in his Official and Individual Capacity;
JESSICA SCHREURS, RN; Sued in her Official and Individual Capacity;
HEATHER BOWERS, RN; Sued in her Official and Individual Capacity;
UNKNOWN DEPARTMENT OF HEALTH/CORRECTIONAL HEALTH SERVICE (DOH/CHS) EMPLOYEES,

| | |
|---|---|
| Sued in their Official and Individual Capacity;<br>CBM CORRECTIONAL FOOD SERVICES, Sued in its Official and Individual Capacity;<br>JOHN TWEIRWEILLER, CBM District Manager, Sued in his Official and Individual Capacity;<br>UNKNOWN CBM EMPLOYEES, Sued in their Official and Individual Capacity;<br>DELMER WALTER, Contracted DOC Attorney, Sued in his Official and Individual Capacity;<br>MARK BIDNEY, Contracted DOC Paralegal. Sued in his Official and Individual Capacity; AND<br>GLOBAL TEL*LINK, GTL; Sued in its Official and Individual Capacity;<br><br>Defendants.<br>                  Defendants. | |

Shaw is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Shaw now moves the court to allow him to serve only notice on defendants (Docket 10), appoint counsel for him (Docket 11), and enter default judgment against CBM Correctional Food Service (CBM) (Docket 62). Defendants move this court to enter a protective order to stay discovery pending a determination of qualified immunity (Dockets 56, 58, 59). CBM moves for leave to amend answer (Docket 53) and set aside the clerk's entry of default (Docket 55).

I. **Shaw's Motion re Service**

Shaw requests that the court permit him to "merely notice defendants of his pleadings submitted to this court rather than provide actual paper

3

copies[.]" Docket 10. Because Shaw is an indigent prisoner without the ready ability to make copies and defendants can receive his filings through CM/ECF, the motion is granted.

## II. Shaw's Motion to Appoint Counsel

Shaw requests counsel. Docket 11. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* Shaw's claims are not complex, and he appears able to adequately present his § 1983 claims at this time. Therefore, his motion to appoint counsel (Docket 11) is denied.

## III. CBM's Motion to File Amend Answer

CBM requests leave to file an amended answer. Docket 53. On February 15, 2018, CBM's counsel filed an answer of behalf of the employees of the Department of Corrections, Department of Health, and CBM. *See* Docket 42. Counsel claims CBM was accidentally omitted from the list of defendants responding in the February 15, 2018 answer. Docket 53.

Shaw responded and opposed the motion to amend answer. Docket 61. First, Shaw argues that CBM's motion to amend is an attempt to circumvent the motion for default judgment. The court will address Shaw's motion for

default judgment in the next section. Second, Shaw argues CBM failed to comply with Local Rule 15.1, because CBM did not attach a proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined. Shaw's argument that CBM failed to comply with the requirements of Local Rule 15.1 is correct. While the failure to comply with a local rule can lead to the dismissal of a case, the Eighth Circuit has recognized "that 'the application of local rules is a matter peculiarly within the district court's province.' " *Yannacopoulos v. Gen. Dynamics Corp.*, 75 F.3d 1298, 1305 (8th Cir. 1996) (quoting *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (per curiam)); *see also Silberstein v. I.R.S.*, 16 F.3d 858, 860 (8th Cir. 1994) ("[T]he district court has considerable leeway in the application of its local rules" (citation omitted)). "Indeed, '[i]t is for the district court to determine what departures from its rules may be overlooked.' " *Silberstein*, 16 F.3d at 860 (alteration in original) (quoting *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984)). Here, the interests of justice weigh heavily in favor of overlooking the noncompliance with Local Rule 15.1.

Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be given freely when justice so requires." This court has discretion in whether to grant such a motion. Fed. R. Civ. P. 13 and 15(a); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983). Leave to amend should be denied only if some reason exists for denial, such as undue delay, bad faith, dilatory motive,

undue prejudice to the opposing party, or futility in allowing the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). No such reason exists for denying the motion to amend. Thus, CBM's motion to file amended answer (Docket 53) is granted.

## IV. Shaw's Motion for Default Judgment and CBM's Motion to Set Aside Entry of Default

On April 18, 2018, the Clerk of Court entered an entry of default in favor of Shaw and against CBM. Docket 54. CBM moves to set aside the entry of default. Docket 55. Shaw moves for default judgment against CBM or, in alternative, for sanctions. Docket 62.

Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default for good cause. To determine if good cause exists, the court weighs "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quotation omitted). Setting aside an entry of default requires a lesser showing of excuse than setting aside a default judgment. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (citation omitted). The court also has discretion to enter a judgment when a party moves for one. Fed. R. Civ. P. 55(b)(2). But there is a judicial preference to adjudicate claims on their merits. *Johnson*, 140 F.3d at 784.

### A. Culpability or Blameworthiness

Heavily focusing on the culpability or blameworthiness factor, Eighth Circuit precedent consistently "distinguish[es] between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Johnson*, 140 F.3d at 784. When the default is the result of inadvertence or mistake, and not an intentional disregard of procedural rules, the default is set aside. *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001). The Eighth Circuit has also recognized that "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Johnson*, 140 F.3d at 784. Here, CBM's counsel claims CBM was accidentally omitted from the list of defendants responding in the answer. When CBM received notice of the entry of default, it promptly filed a motion to amend its answer to include CBM and set aside the entry of default. *See* Dockets 53, 55. This factor weighs in favor of CBM.

### B. Meritorious Defense

To determine if the defendant has a meritorious defense, the court "examin[es] 'whether the proffered evidence would permit a finding for the defaulting party.'" *Stephenson*, 524 F.3d at 914 (quoting *Johnson*, 140 F.3d at 785). CBM has not submitted an affidavit that shows that it has a meritorious defense.

### C. Prejudice to Plaintiff

It is well established that "delay alone, or the fact the defaulting party would be permitted to defend on the merits," does not establish prejudice to the plaintiff. *Stephenson*, 524 F.3d at 915. Loss of evidence, increased discovery difficulties, or greater opportunities for fraud and collusion are some of the more concrete ways a plaintiff may be prejudiced if a default is set aside. *Id.* (quotation omitted). Shaw has not provided an argument to support how he would be prejudiced if the Clerk's entry of default were set aside, and the court has not found one. There is no indication that evidence has been lost or discovery will be more difficult if the Clerk's entry of default is set aside.

Having considered all three factors in light of the judicial preference to adjudicate claims on their merits, the court finds that there is good cause to set the entry of default aside. The court grants CBM's motion to set aside the entry of default (Docket 55) and denies Shaw's motion for default judgment (Docket 62). The court finds that no lesser sanction is warranted by CBM's failure to answer.

### V. Defendants' Motion to Stay Discovery

Defendants move the court to enter a protective order staying discovery. Dockets 56, 58, 59. Under Rule 26(c), "the court has discretion to stay discovery on other issues until the critical issue has been decided." 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2040 (3d ed. 2010). A stay of discovery is within the district court's discretion and is

reviewed by the appellate court for an abuse of that discretion. *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008) (citing *Lakin v. Prudential Secs., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003)); *see also Maune v. Int'l Bhd. of Elec. Workers, Local No. 1, Health & Welfare Fund*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding the district court's granting of a party's request to stay discovery). "[T]he 'driving force' behind creation of the qualified immunity doctrine was a desire to insure that 'insubstantial claims against government officials [will] be resolved prior to discovery.' " *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)). Because the qualified immunity issue may be dispositive, the court grants these defendants' motion to stay discovery (Docket 56).

Thus, it is ORDERED that

1. Shaw's motion re Service (Docket 10) is granted. Shaw may satisfy his obligation to serve copies of pleadings upon defendants by sending a letter to defendant's counsel identifying all documents that he files with the clerk of court. Defense counsel will receive notice from the clerk of court when those documents have been filed.
2. Shaw's motion to appoint counsel (Docket 11) is denied.
3. CBM's motion for leave to amend (Docket 53) is granted. CBM's amended answer is due by **June 27, 2018**.
4. CBM's motion to set aside the Clerk's entry of default (Docket 55) is granted.

5. Shaw's motion for default judgment as to CBM (Docket 62) is denied.

6. Defendants' motion for a protective order (Docket 56) is granted. Defendants' motion for summary judgment based on qualified immunity is due by **August 13, 2018**.

7. Defendants' motion to extend the discovery deadline (Docket 65) is denied as moot.

DATED this 19th day of June, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE