UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES ELMER SHAW,<br><br>    Plaintiff,<br><br>vs.<br><br>DENNIS KAEMINGK, ET AL.,<br><br>    Defendants. | 4:17-CV-04116-KES<br><br><br>ORDER GRANTING DEFENDANT GLOBAL TEL*LINK CORPORATION'S MOTION TO DISMISS |

  Plaintiff, James Elmer Shaw, is an inmate at the South Dakota Department of Corrections (DOC). Shaw filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 against defendant Global Tel*Link Corporation (GTL). Docket 1. Shaw's First Amendment free exercise claim against GTL survived screening under 28 U.S.C. § 1915A. Docket 7 at 44. On November 28, 2017, the court directed service of Shaw's complaint. Docket 7. GTL moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). Docket 40. For the following reasons, the court grants GTL's motion to dismiss.

## BACKGROUND

  As they relate to Shaw and GTL, the facts are as follows. Shaw was an inmate at the South Dakota State Prison (SDSP) in Sioux Falls, South Dakota, from 2004 to 2017. Docket 1 ¶ 44. In 2017, Shaw was transferred to the Mike

Durfee State Prison (MDSP) in Springfield, South Dakota. *Id.* Shaw's religion, Dorcha Cosán (DC), follows a strict code of ethics called "The Nine Laws of Dorcha Cosán" (NLDC). *Id.* ¶ 57. By adhering to the NLDC, Shaw can attain Godhood, connect with the source of his spiritual path, and perform "true Magick." *Id.* ¶¶ 58-60. DC requires Shaw to have constant access to thousands of books. *Id.* ¶ 62. In count one of his complaint, ostensibly under the Religious Land Use and Institutionalized Persons Act (RLUIPA), Shaw states a claim against several of the defendants for denying him access to books as mandated by DC and the NLDC. *Id.* ¶¶ 54, 62. GTL is not a defendant in count one.

GTL is "a company contracted by the [Department of Corrections] to provide internet services to inmates within the [Department of Corrections]." *Id.* ¶ 42. In count two, Shaw's claim against GTL is styled as a "free exercise" claim. *Id.* at 15. Shaw states, "GTL has discriminated agains (sic) Shaw by denying Shaw the ability to receive music, books and games on a tablet because he is an indigent inmate. Shaw, Shaws (sic) friends and family are being punished for Shaw being poor." *Id.* ¶ 98. Shaw states that, "[a]t all times relevant to this complaint, defendants acted or failed to act under the color of state law." *Id.* ¶ 43.

This court found that Shaw's free exercise claim was sufficiently pleaded to survive initial review under 28 U.S.C. § 1915. Docket 7 at 28.

**STANDARD OF REVIEW**

A court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering dismissal pursuant to Rule 12(b)(6), "the court must accept all well-pleaded allegations of the complaint as true, and all reasonable inferences therefrom must be construed favorably to the pleader." *McCormack v. Citibank, N.A.*, 979 F.2d 643, 646 (8th Cir. 1992) (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)). "The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 497-98 (8th Cir. 2010) (citation omitted).

The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stating a claim that is facially plausible is a higher standard than pleading facts establishing a "sheer possibility" or a probability of misconduct. *Id.* Courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A pro se complaint must "allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory . . . that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985)).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th

4

Cir. 2009)). "[Section] 1983 demands more than a simple claim that the [defendant] engaged in wrongful conduct and the [plaintiff was] deprived of constitutional rights. Indeed, to state a cause of action under § 1983, a plaintiff must plead facts that would tend to establish that the defendant's wrongful conduct *caused* the constitutional deprivation." *Id.* at 851 (emphasis in original).

### I. State Actor

First, Shaw must show that GTL acted under color of state law. In a § 1983 action, acting under the color of state law means that the defendant must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "The injury complained of must have been caused by the exercise of some right or privilege created by the state, by a rule of conduct imposed by the state, or by a person for whom the state is responsible." *Parker v. Boyer*, 93 F.3d 445, 448 (8th Cir. 1996) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The government's "'[m]ere approval of or acquiescence in the initiatives of a private party' does not amount to state action." *Sabri v. Whittier Alliance*, 833 F.3d 995, 1000 (8th Cir. 2016) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

In *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288 (2001), the Supreme Court stated that "there is no single test to identify state actions and state actors . . . ." *Id.* at 294. The Court undertook a

5

fact-intensive inquiry to determine whether a private entity acted under color of state law in a § 1983 claim. *Id.* at 298. The Court applied its analysis from *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982). In *Rendell-Baker*, the Supreme Court determined that "a private school, whose income is derived primarily from public sources and which is regulated by public authorities," did not "[act] under color of state law when it discharged certain employees." *Id.* at 831.

First, the Court in *Rendell-Baker* reasoned that actions of private contractors are not state actions "by reason of [the contractor's] significant or event total engagement in performing public contracts." *Id.* at 841. Second, the Court held that state regulation, "even if 'extensive and detailed,' " does not make a private contractor's actions state action. *Id.* Third, the Court held that a private entity is a state actor not when the entity merely performs a public function, but when "the function performed has been 'traditionally the exclusive prerogative of the State.' " *Id.* at 842 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974). Fourth, the court held that there was not a "symbiotic relationship" between the government and the private school. *Id.* at 843; *see Burton v. Wilmington Parking Auth.*, 365 U.S. 715 (1961).

In order for a private entity to commit state action, " 'there be a "close nexus" not merely between the state and the private party, but between the state and the alleged deprivation itself.' " *Ams. United for Separation of Church and State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 422 (8th Cir. 2007) (quoting *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007)). In *Prison Fellowship Ministries, Inc.*, two private non-profit organizations

acted "in concert" with the Iowa Department of Corrections, and the organizations were given "24-hour power to incarcerate, treat, and discipline inmates." *Id.* at 423. These facts established a sufficiently close nexus to find that the non-profit organizations had acted under color of state law. *Id.*

Here, Shaw has not pleaded sufficient facts to scrutinize the relationship between GTL and the state. Even if he had pled sufficient facts, *Rendall-Baker* makes clear that a private entity can be subject to state regulation, rely on public contracts, and even perform a public function without acting under color of state law for purposes of a § 1983 claim. The complaint does not provide a factual basis to determine whether providing internet services is a function that is typically the exclusive prerogative of the state. Nothing in the complaint alleges that the relationship between GTL and the state rises to the level of a "close nexus." Shaw's complaint does not present facts from which the court can infer that GTL plausibly acted under color of state law. Thus, Shaw's claim against GTL fails because he has not alleged facts sufficient to meet the first element of a § 1983 claim.

**II. Violation of Constitutional Right**

Even if Shaw had pled facts sufficient to plausibly claim that GTL acted under color of state law, Shaw must also show that a constitutional right was violated in order to satisfy the second element of a § 1983 claim. In its screening order, the court construed Shaw's claim against GTL to be a free exercise of religion claim arising under the First Amendment. Docket 7 at 26.

7

Shaw states that GTL denied him "the ability to receive music, books, and games on a tablet because he is an indigent inmate." Docket 1 ¶ 98.

"[I]n making a free exercise claim under 42 U.S.C. § 1983, the inmate must establish both the existence of a sincerely held religious belief *and* the infringement upon that belief by the challenged act or regulation." *Hayes v. Long*, 72 F.3d 70, 73 (8th Cir. 1995) (emphasis added). Here, Shaw's complaint is void of any facts, allegations, or conclusions supporting a claim that GTL's actions in any way related to, or infringed upon, Shaw's free exercise of religion. Shaw merely states that his indigent status precludes him from accessing all the "books, music, and games" he would like through GTL's internet service. Construing the pleadings in Shaw's favor, there is not nearly enough "factual content that allows the court to draw the reasonable inference that [GTL] is liable for the misconduct alleged." *Twombly*, 550 U.S. at 570. Thus, Shaw fails to state a claim that GTL violated his First Amendments rights.

Under the standard for dismissal, Shaw fails to state a plausible claim that GTL acted under color of state law. Further, Shaw fails to allege that GTL, even if it had acted under color of state law, violated his free exercise right. Thus, he does not assert a cognizable claim under § 1983 and dismissal is appropriate.

## CONCLUSION

Shaw has failed to allege sufficient facts to plausibly show that GTL acted under color of state law and that GTL's conduct deprived Shaw of a

constitutionally protected right. Thus, Shaw has failed to state a claim against GTL upon which relief can be granted.

Thus, it is ORDERED that GTL's motion to dismiss (Docket 40) without prejudice is granted.

Dated August 2, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE