UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES ELMER SHAW, <br><br> Plaintiff, <br><br> vs. <br><br> DENNIS KAEMINGK, SECRETARY OF CORRECTIONS; INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT DOOLEY, DIRECTOR OF PRISON OPERATIONS; INDIVIDUAL AND OFFICIAL CAPACITY; DARIN YOUNG, WARDEN; INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER DRIESKE, DEPUTY WARDEN; INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK-KLEMIK, DEPUTY WARDEN; INDIVIDUAL AND OFFICIAL CAPACITY; TROY PONTO, ASSOCIATE WARDEN; INDIVIDUAL AND OFFICIAL CAPACITY; ARTHOR ALCOCK, ASSOCIATE WARDEN; INDIVIDUAL AND OFFICIAL CAPACITY; DAVID LENTSCH, UNIT MANAGER; INDIVIDUAL AND OFFICIAL CAPACITY; DERRICK BIEBER, UNIT MANAGER; INDIVIDUAL AND OFFICIAL CAPACITY; AL MADSON, UNIT MANAGER; INDIVIDUAL AND OFFICIAL CAPACITY; JOSH KLEMIK, UNIT MANAGER; INDIVIDUAL AND OFFICIAL CAPACITY; TAMMI MERTINS-JONES, CULTURAL ACTIVITIES COORDINATOR; INDIVIDUAL AND OFFICIAL CAPACITY; ELIZABETH VITETTA, UNIT COORDINATOR; INDIVIDUAL AND OFFICIAL CAPACITY; BRITINEY | 4:17-CV-04116-KES <br><br><br> ORDER |

ULMER, UNIT COORDINATOR; INDIVIDUAL AND OFFICIAL CAPACITY; MELISSA MATURAN, ADMINISTRATIVE REMEDY COORDINATOR; INDIVIDUAL AND OFFICIAL CAPACITY; STEVE BAKER, MAJOR; INDIVIDUAL AND OFFICIAL CAPACITY; LINDA MILLER-HUNHOFF, MAIL SUPERVISOR; INDIVIDUAL AND OFFICIAL CAPACITY; SHARRON REIMANN, MAILROOM; INDIVIDUAL AND OFFICIAL CAPACITY; JORDAN STOREVIK, MAILROOM; INDIVIDUAL AND OFFICIAL CAPACITY; NICK ANDERSON, CORRECTIONAL OFFICER, SDSP; PRESTON PERRETT, CORRECTIONAL OFFICER; INDIVIDUAL AND OFFICIAL CAPACITY; JUDY JACOBS, CORRECTIONAL OFFICER; INDIVIDUAL AND OFFICIAL CAPACITY; LISA FRASIER, CORRECTIONAL OFFICER; INDIVIDUAL AND OFFICIAL CAPACITY; NICK REDDMAN, TEACHER; INDIVIDUAL AND OFFICIAL CAPACITY; DR. MARY CARPENTER, MD; INDIVIDUAL AND OFFICIAL CAPACITY; ER REGIER, MD; INDIVIDUAL AND OFFICIAL CAPACITY; BRAD ADAMS, PA-C; INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA SCHREURS, RN; INDIVIDUAL AND OFFICIAL CAPACITY; HEATHER BOWERS, RN; INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN DEPARTMENT OF HEALTH/CORRECTIONAL HEALTH SERVICE (DOH/CHS) EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; CBM CORRECTIONAL FOOD SERVICES, INDIVIDUAL AND OFFICIAL CAPACITIES; JOHN TWEIRWEILLER, CBM DISTRICT MANAGER; INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN CBM EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; DELMER

| | |
|---|---|
| WALTER, CONTRACTED DOC ATTORNEY; INDIVIDUAL AND OFFICIAL CAPACITY; AND MARK BIDNEY, CONTRACTED DOC PARALEGAL; INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>                    Defendants. | |

Shaw is an inmate at the South Dakota State Penitentiary. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Shaw now moves the court to "order the defendants to provide computer access and printing, as well as copies and forms as needed, paper pens and or pencils without charge to plaintiff, or in the alternative, to assess the fees required by the defendants as costs at the conclusion of this action[.]" Docket 6 at 3. Defendants did not respond to Shaw's motion.

In support of his motion, Shaw explains that inmates are required to pay 25 cents per printed or copied page. *Id.* at 1. As a result, Shaw alleges that pro se litigants are forced to file handwritten pleadings because they cannot afford to print from the computers. *Id.* at 2. Shaw claims that this prevents pro se litigants from complying with D.S.D. LR 83.4, which requires typewritten filings. *Id.* at 3. Shaw also claims that pro se litigants are further prejudiced "both by the difficulty the court has in reading lengthy handwritten documents and by the impossibility of OCR scanning." *Id.* at 4.

Because Shaw is an indigent prisoner without the ready ability to make copies and defendants can receive their filings through CM/ECF, the court will

3

not require Shaw to send defendants a copy of his pleadings. This will reduce the number of copies Shaw is required to make. And because Shaw's handwriting is legible, easy to read and scan, the court will continue to accept handwritten filings.

Fed. R. Civ. P. 54(d) addresses an award of costs to the prevailing party in whose favor judgment is entered. The rule directs that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—shall be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In assessing costs, the court is limited to those items listed in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization federal courts are bound by the limitations set out in 28 U.S.C. § 1920). The Supreme Court explained,

> Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.

*Id.* at 441–42. Section 1920 reads,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursement for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title . . . .

4

28 U.S.C. § 1920(1)-(5). If Shaw becomes the prevailing party, the court will reconsider his motion for costs. Unless and until Shaw becomes the prevailing party, however, his motions for costs are premature.

Thus, it is ORDERED that

1. Shaw's motion for order (Docket 6) is denied.

2. Shaw may satisfy his obligation to serve copies of pleadings upon defendants by sending a letter to defendants' counsel identifying all documents he files with the clerk of court. Defense counsel will receive notice from the clerk of court when those documents have been filed.

3. Shaw may, when necessary, file handwritten documents.

Dated September 18, 2018.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE