UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES ELMER SHAW, <br><br> Plaintiff, <br><br> vs. <br><br> DENNIS KAEMINGK, SECRETARY OF CORRECTIONS; INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT DOOLEY, DIRECTOR OF PRISON OPERATIONS; INDIVIDUAL AND OFFICIAL CAPACITY; DARIN YOUNG, WARDEN; INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER DRIESKE, DEPUTY WARDEN; INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK-KLEMIK, DEPUTY WARDEN; INDIVIDUAL AND OFFICIAL CAPACITY; DERRICK BIEBER, UNIT MANAGER; INDIVIDUAL AND OFFICIAL CAPACITY; TAMMI MERTINS-JONES, CULTURAL ACTIVITIES COORDINATOR; INDIVIDUAL AND OFFICIAL CAPACITY; ELIZABETH EFFLING, UNIT COORDINATOR; INDIVIDUAL AND OFFICIAL CAPACITY; STEVE BAKER, MAJOR; INDIVIDUAL AND OFFICIAL CAPACITY; LINDA MILLER-HUNHOFF, MAIL SUPERVISOR; INDIVIDUAL AND OFFICIAL CAPACITY; SHARRON REIMANN, MAILROOM; INDIVIDUAL AND OFFICIAL CAPACITY; JORDAN STOREVIK, MAILROOM; INDIVIDUAL AND OFFICIAL CAPACITY; CBM CORRECTIONAL FOOD SERVICES, INDIVIDUAL AND OFFICIAL CAPACITIES; JOHN TWEIRWEILLER, | 4:17-CV-04116-KES <br><br><br> ORDER DENYING PLAINTIFF'S THIRD MOTION TO APPOINT COUNSEL AND ORDER ON MISCELLANEOUS MOTIONS |

| | |
|---|---|
| CBM DISTRICT MANAGER; INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN CBM EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>                    Defendants. | |

Plaintiff, James Elmer Shaw, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls. Shaw filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. At this point, Shaw's remaining claims arise under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First Amendment (free exercise, right to receive mail, access to courts), and he has a claim of retaliation. *See* Docket 139.

Shaw filed a third motion to appoint counsel (Docket 182) and multiple motions to compel discovery (Dockets 147, 149, 151, 153, 155, 157, 159, 161, 163, 165, 167). This court addresses these motions below.

I. **Third Motion to Appoint Counsel**

Shaw filed a third motion to appoint counsel. Docket 182. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts may appoint counsel and the Eighth Circuit has acknowledged the "express authority of the district court to make such appointments." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *see also White v.*

2

*Walsh*, 649 F.2d 560, 563 (8th Cir. 1981). "[T]he appointment of counsel should be given serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim." *Nelson*, 728 F.2d at 1005.

When determining whether to appoint counsel to a pro se litigant, the court will look at the factual and legal complexity of the claims. In *King v. Patterson*, the Eighth Circuit held that the district court did not err in denying a prisoner's motion for appointment of counsel. 999 F.2d 351, 353 (8th Cir. 1993). The Eighth Circuit reasoned that the denial of the plaintiff's motion for appointment of counsel was appropriate "[b]ecause the case was neither factually nor legally complex, the complaint alleged a single incident of excessive force, and the Court held that King had clearly communicated his concerns and could adequately present the facts of his case to the Court[.]" *Id.*

Factual complexity is not the only factor that a district court considers whether appointment of counsel is appropriate. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986) (citing *Maclin v. Freake*, 650 F.2d 885, 888 (7th Cir. 1981)). The Eighth Circuit considers "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson*, 788 F.2d at 1322-23.). In *Johnson*, the Eighth Circuit held that the district court erred when it denied plaintiff's motion for counsel solely based on the plaintiff's failure to raise factually complex issues. 788 F.2d at 1322.

3

At this time, Shaw appears to be able to adequately present his remaining claims. His remaining claims are not legally or factually complex. Discovery is still ongoing, and Shaw was able to survive a summary judgment motion on a number of claims. *See* Docket 139. Further, Shaw has prepared interrogatories and served them on opposing counsel. *See* Dockets 148-1, 150-1, 152-1, 154-1, 156-1, 158-1, 160-1, 162-1, 164-1, 166-1, 168-1. Shaw's briefs, motions, and interrogatories show his ability to clearly communicate his legal positions to the other parties as well as to the court. Thus, his third motion to appoint counsel (Docket 182) is denied.

## II. Motions to Compel Discovery

On June 28, 2019, Shaw moved for orders compelling discovery. Dockets 147, 149, 151, 153, 155, 157, 159, 161, 163, 165, 167.[1] In the motions to compel, Shaw claims that on May 17, 2019, he served defendants with a "second set of interrogatories [because they lost the first copies], production requests and request for admissions." Docket 147 ¶ 10. Shaw claims that the defendants' responses to the admission section were "evasive, incomplete and otherwise unresponsive." *Id.* at ¶ 13.

On July 5, 2019, the defendants filed a brief in support of their response to Shaw's motions to compel discovery and stated that "[d]efendants are still in the process of compiling the responses to Plaintiff's Interrogatories and

---

[1] These motions use the same language but insert the proper defendants. After each motion, Shaw filed a brief that includes a copy of the interrogatories that he sent and have not been answered. *See* Dockets 148-1, 150-1, 152-1, 154-1, 156-1, 158-1, 160-1, 162-1, 164-1, 166-1, 168-1.

Requests for Production of Documents. Defendants expect to have responses to Plaintiff within the next two weeks." Docket 172 at 2. Federal Rule of Civil Procedure 37(a)(1) governs motions to compel discovery. It provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Shaw has not shown further efforts to confer with defendants after they stated they were working on compiling their responses. *See* Docket 185.

Defendants have stated their intentions of compliance and Shaw has not shown that he has made an effort to obtain this material without court action. Thus, Shaw's motions to compel discovery (Dockets 147, 149, 151, 153, 155, 157, 159, 161, 163, 165, 167) are denied. But in the event defendants have not responded to Shaw's discovery requests, the defendants' responses must be sent to Shaw no later than **December 2, 2019**.

The parties have filed miscellaneous motions for extensions or stays until the motions to compel were ruled on (Dockets 185, 187, 188). The court denies these motions (Docket 185, 187, 188) as moot because this court sets a new schedule. Defendants must serve their responses to Shaw's interrogatories by **December 2, 2019**, and all other discovery must be completed by **December 20, 2019**. Further, all defendants' motions for summary judgment must be filed by **January 7, 2020**.

Thus, it is ORDERED

1. Shaw's third motion to appoint counsel (Docket 182) is denied.

2. Shaw's motions to compel discovery (Dockets 147, 149, 151, 153, 155, 157, 159, 161, 163, 165, 167) are denied.

3. Defendants must answer the interrogatories by **December 2, 2019**, and all other discovery must be completed by **December 20, 2019**.

4. Defendants must file their motions for summary judgment by **January 7, 2020**.

5. Motions to extend deadlines (Dockets 185, 187, 188) are denied as moot.

Dated November 21, 2019.

                                  BY THE COURT:

                                  /s/ *Karen E. Schreier*
                                  KAREN E. SCHREIER
                                  UNITED STATES DISTRICT JUDGE