UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES ELMER SHAW,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS KAEMINGK, SECRETARY OF CORRECTIONS; INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT DOOLEY, DIRECTOR OF PRISON OPERATIONS; INDIVIDUAL AND OFFICIAL CAPACITY; DARIN YOUNG, WARDEN; INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER DRIESKE, DEPUTY WARDEN; INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK-KLEMIK, DEPUTY WARDEN; INDIVIDUAL AND OFFICIAL CAPACITY; DERRICK BIEBER, UNIT MANAGER; INDIVIDUAL AND OFFICIAL CAPACITY; TAMMI MERTINS-JONES, CULTURAL ACTIVITIES COORDINATOR; INDIVIDUAL AND OFFICIAL CAPACITY; ELIZABETH EFFLING, UNIT COORDINATOR; INDIVIDUAL AND OFFICIAL CAPACITY; STEVE BAKER, MAJOR; INDIVIDUAL AND OFFICIAL CAPACITY; LINDA MILLER-HUNHOFF, MAIL SUPERVISOR; INDIVIDUAL AND OFFICIAL CAPACITY; SHARRON REIMANN, MAILROOM; INDIVIDUAL AND OFFICIAL CAPACITY; JORDAN STOREVIK, MAILROOM; INDIVIDUAL AND OFFICIAL CAPACITY; CBM CORRECTIONAL FOOD SERVICES, INDIVIDUAL AND OFFICIAL CAPACITIES; JOHN TWEIRWEILLER, | 4:17-CV-04116-KES<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER |

1

| | |
|---|---|
| CBM DISTRICT MANAGER;<br>INDIVIDUAL AND OFFICIAL CAPACITY;<br>UNKNOWN CBM EMPLOYEES,<br>INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>          Defendants. | |

Plaintiff, James Elmer Shaw, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls. Shaw filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. He moves for a temporary restraining order and preliminary injunction. Docket 141. Defendants, CBM, Tweirweiller, and unknown CBM Food Service employees filed a response to Shaw's motion. Docket 169. All other defendants joined CBM's response. Docket 170. Shaw filed a reply to defendants' response. Docket 173.

**FACTUAL BACKGROUND**

Shaw requests that the court issue a temporary restraining order or a preliminary injunction. Docket 141. Shaw asserts that these should be issued to require the defendants to allow:

> (1) an expert Endocrinologist to determine if Plaintiff's rescently [sic] diagnosed diabetes is due to the denial of foods that would allow him to adhere to his religious diet commandments; (2) an unbiased dietitian to determine if the foods served by Defendants is in compliance with Plaintiff['s] religious diet commandments; and (3) foods in compliance with Plaintiff's religious diet until the final orders and appeals of this case which are necessary and allowed for by law are concluded.

*Id.* Shaw practices the religion of Dorcha Cosán. Docket 141-1 at 1-2. He believes he can attain "Godhood, connect with the source of his spiritual path, and perform 'true Magick[]" if he follows the diet. *Id.* at 2. The " 'Before

2

Christ' " diet includes eating "all natural, farm fresh, organic fresh and vegetables (they must be consumed raw, boiled, stewed or juiced) and grass fed, no-growth-hormone meats." *Id.*[1] Shaw claims he has stopped eating for days to prove his loyalty to his "geise." *Id.* Shaw has also stopped taking his insulin shots and believes he will die from his diabetes if he is not supplied with his religious diet. *See* Docket 173 at 5-6.

## I. Motion for a Preliminary Injunction

Shaw filed a motion for a preliminary injunction and temporary restraining order. Docket 141. "A preliminary injunction is an extraordinary remedy." *Roudachevski v. All–American Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citation omitted); *see also Hughbanks v. Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit held that " 'the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a

---

[1] This does not include the extent of the " 'Before Christ' " diet. The court points to Docket 141-1 at 2 for the full recitation.

preliminary injunction.' " *Adam–Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). "To demonstrate irreparable harm, a plaintiff must show that the harm is 'certain, great and of such imminence that there is a clear and present need for equitable relief.' " *Gard v. Dooley*, 2014 WL 4243586, at *1 (D.S.D. Aug. 26, 2014) (quoting *Packard Elevator v. Interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986)). A " 'plaintiff must make a showing of actual, substantial harm resulting from the alleged infringement.' " *Gard*, 2014 4243586, at *1; (quoting *Travelers Express Co. v. Transaction Tracking Technologies, Inc.*, 305 F. Supp.2d 1090, 1095 (D. Minn. 2003)).

Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). And for an injunction to issue "a right must be violated" and "the court must determine" whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

In *Gard*, the plaintiff moved for a preliminary injunction because the defendants refused: a diet tailored to his medical needs, prescription eye glasses, and diabetic sockets. *Gard*, 2014 4243586, at *1. Gard's showing of irreparable harm was stating that if his diabetes went " 'unchecked,' he could suffer 'organ failure as well as loss of limbs, as well as the possibility of a

4

fractured leg which could cause pain and loss of mobility for the rest of [his] life.' " *Id.* The court held that Gard failed to establish irreparable harm because the danger he described was not certain. *Id.* at 2. (The court also noted that Gard did not make personal efforts to comply with the recommended diet.) Gard's harm was speculative and " '[p]ossible or speculative harm is not enough [to support a preliminary injunction].' " *Id.*; (quoting *Northland Ins. Companies v. Blaylock*, 115 F.Supp.2d 1108, 1116 (D. Minn. 2000)).

Shaw's showing of irreparable harm is similar to that of Gard's. Shaw alleges that his diabetes is "probably due to malnutrition." Docket 141-1 at 4; Docket 173 at 5. Shaw has stopped taking the insulin shots to be able to adhere to his religion and because he does not like how the insulin makes him feel when he is not eating. Docket 141-1 at 5-6; Docket 173 at 1-2.

He argues that he will suffer irreparable harm because he is "being denied a clearly established constitutional right (Shaw believes he has a constitutional right to be provided with a nutritional, adequate diet that allows him to adhere to his religion)." Shaw

> believes he will die if his religious diet is not provided to him by CBM and DOC Defendants. (See Doc. 169.13), which states that complications from diabetes include peripheral neuropathy, delayed healing, high blood pressure, damage to the eyes that impacts visual acuity, heart disease, kidney disease and potential for stroke. *Id.* In addition, Plaintiff has been hospitalized after not eating for days. See Doc. 169-14.[2]

---

[2] Docket 169-14 states that the post hospitalization follow-up was for chest pain. *See* Docket 169-14 at 1. Docket 169-13 addresses that Shaw is refusing insulin and that he eats one meal per day. *See* Docket 169-13 at 1. Shaw agreed to take another medication "Lantus" for his diabetes. *Id.*

Docket 173 at 6. (citations in original). Shaw's belief that he will die if his religious diet is not provided to him is not certain, rather it is speculative. Like in *Gard*, Shaw believes that his death will occur, but Shaw's own statements show that he has refused to take insulin shots that would aid his diabetes. Possible or speculative harm is not enough to support a preliminary injunction and because Shaw has failed to show irreparable harm, his motion for a preliminary injunction is denied. *See Adam–Mellang,* 96 F.3d at 299.

## II.     Motion for a Temporary Restraining Order

Shaw also moves for a temporary restraining order. *See* Docket 141. Under the Federal Rules of Civil Procedure, a court may issue a temporary restraining order if the party states, "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). This court denies Shaw's motion for a temporary restraining order for the same reason it has denied the motion for preliminary injunction, because he failed to show irreparable injury.

Thus, it is ORDERED

1. That Shaw's motion for preliminary injunction and temporary restraining order (Docket 141) is denied.

Dated December 2, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

6